IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ALISHA COLEMAN, | * | |
| **PLAINTIFF** | * | CIVIL ACTION FILE NO: |
| v. | * | |
| BOBBY DODD INSTITUTE, INC. | * | JURY TRIAL DEMANDED |
| | * | |
| **DEFENDANT** | | |

## COMPLAINT

COMES NOW Alisha Coleman and respectfully shows as follows:

NATURE OF ACTION

This is an action for declaratory and injunctive relief and for compensatory damages and punitive damages for gender discrimination in employment and retaliation brought pursuant to the First and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause of the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991. Plaintiff seeks declarative and injunctive relief and reinstatement with attendant seniority, back pay and benefits, compensatory damages, attorney's fees and costs of litigation.

1

## PARTIES

1.

Plaintiff Alicia Coleman (hereinafter designated and referred to as Plaintiff) is a resident of Columbus, Muscogee County, Georgia and submits herself to the jurisdiction of this Court.

2.

Defendant Bobby Dodd Institute, Inc. (hereafter "BDI" or simply "Defendant") is a body corporate organized and operating under the laws of Georgia and directly transacting business as a federal contractor at Ft. Benning, Middle District, Columbus Georgia Division of this court and is subject to the jurisdiction thereof.

## JURISDICTION AND VENUE

3.

Plaintiff brings this action pursuant to the Equal Protection Clause of the United States Constitution and brings this action pursuant to the First Amendment to the United States Constitution.  Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1981a, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4.

The unlawful violations of Plaintiff's civil rights were committed within the Middle District of Georgia. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as every act of which Plaintiff complains occurred in the Columbus Division of the United States District Court for the Middle District of Georgia.

5.

The conduct of Defendant's agents violated clearly established statutory or constitutional rights of which any reasonable person would have known.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.

Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") encompassing all of the discriminatory and retaliatory conduct that is the subject of this Complaint. The same is attached hereto as Exhibit A.

7.

Plaintiff received a Notice of Right to Sue from the EEOC on November 17, 2016, a copy is attached as Exhibit B.

8.

The within stated cause of action is brought within 90 days of receipt of the Notice of Right to Sue from the EEOC.

FACTS

9.

Plaintiff is an African-American female who was employed by Defendant federal contractor's predecessor in interest on June 13, 2007 as an E-911 Call Taker.

10.

Since then, Plaintiff became pre-menopausal, a condition unique to her gender, in the same sense that pregnancy is unique to her gender, female.

11.

Though Plaintiff's menstrual cycles had become infrequent in manifestation, they were nevertheless marked by inordinately heavy blood clotting and often symptoms and expulsion of fluid mass were sudden onset in character.

12.

Cognizant of her circumstances, Plaintiff mitigated by keeping extra quantities with greater absorbent properties on hand in the workplace.

13.

Agents of Defendant were at all times aware of Plaintiff's periodic predicament, both from observation and Plaintiff's sharing and they had spoken with Plaintiff about the necessity of keeping extra feminine sanitary devices on hand to contain and absorb sudden onset blood flow.

14.

In August, 2015, Plaintiff experienced an emergency menstrual event that resulted in some fluid saturation excess and on that occasion, she soiled an office chair as a result of the sudden inability to manage her uniquely feminine condition.

15.

Thereafter, Plaintiff was disciplined by Defendant and warned that she would be fired if she ever soiled another chair from sudden onset menstrual flow.

16.

Present for that conversation at the disciplinary interview were Terri Lightener, Plaintiff's supervisor, and Stephanie Hunter, from corporate human resources.

17.

Heavy menstrual flow of an unexpected nature was not an event for which males were counseled and punished.

18.

Defendant did not, upon knowledge and belief, counsel and punish other females for sequelae of heavy menstrual flow.

19.

Nevertheless, Plaintiff suffered an adverse employment event because of her uniquely associated gender property.

20.

On April 22, 2016, Plaintiff once more suddenly became episodic.

21.

Plaintiff attempted to position herself to assure adequate absorbency with materials on hand to do so, but some of the fast-flowing material escaped down her leg and soiled the carpet.

22.

Plaintiff, as quickly as possible, availed herself to bleach and cleaning disinfectant for application to the spotted area.

23.

Nevertheless, after doing so, Terri Lightener, then on vacation, directed the site supervisor, Kristin Minter, to relieve Plaintiff from duty.

24.

Upon Lightener's return, Plaintiff was terminated for failure to maintain high standards of personal hygiene. (Exhibit C).

25.

As consequences of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, anxiety, humiliation, embarrassment, anger, fright, frustration and mental anguish as compensatory damages.

COUNT I
DISCRIMINATION ON THE BASIS OF GENDER

26.

Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C § 2000e *et seq.*, prohibits an employer from discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S. § 2000e-2(a)(1).

27.

Plaintiff is a member of a protected class, female.

28.

Plaintiff suffered an adverse employment event, discharge.

29.

Plaintiff was at all times qualified for and capable of service in her job.

30.

Because Plaintiff exhibited qualities and properties unique to her gender, the adverse event visited upon her by Defendant was intentional and motivated by discriminatory animus.

31.

But for biological property associated with her gender characteristic status, a female, Plaintiff would not have been discharged.

32.

Defendant's decision maker's determination to discharge Plaintiff purely because of the female condition cannot be justified based on business necessity.

COUNT II
COMPENSATORY DAMAGES

33.

Defendant's agent Lightener, in making a spectacle of Plaintiff's female condition in August 2015 and in causing her to be placed in the continuing position of threat of firing with recurring consequences due to her uniquely female condition, caused to be visited upon Plaintiff anxiety, stress, frustration, fear and other mental anguish affecting her ability to work with the constant knowledge that uncontrollable recurrence of manifestation of her uniquely female condition.

34.

Despite the embarrassment and humiliation, Plaintiff continued to contribute valuable service to Defendant.

35.

After the recurrent uncontrollable incident of feminine behavior on April 22, 2016, Plaintiff was caused to suffer further embarrassment and humiliation and was fired.

36.

The actions of Defendant, in willful and callous disregard of Plaintiff's female condition, have given rise to compensatory damages.

COUNT III
RETALIATION

37.

Plaintiff has maintained protected status, being female, and was entitled to be free of occupational interference in connection with that property.

38.

Defendant has made an impermissible decision to single Plaintiff out for characteristics unique to her gender.

39.

Defendant wrote Plaintiff up and told her she would be fired if ever she experienced uncontrollable manifestation of her uniquely feminine condition.

40.

Thus, having placed a discriminatory condition upon Plaintiff, Defendant retaliated against Plaintiff and fired her, pretextually, because she possessed characteristics unique to her status as female.

## COUNT IV
## ATTORNEY'S FEES

41.

Plaintiff adopts and re-alleges all preceding paragraphs of this Complaint and incorporates herein such paragraphs as if fully and completely set forth herein.

42.

Plaintiff is entitled to her attorney's fees and expenses of litigation, pursuant to 42 U.S.C. §§ 2000e, *et seq*.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays as follows:

a)   that Summons issue and Defendant be served as by law provided;

b)   that Plaintiff be awarded judgment in her favor with respect to all contentions in her Complaint;

c)   that declaratory judgment issue upon finding of discrimination providing injunctive relief and finding Plaintiff entitled to reinstatement with seniority,

d)   that Plaintiff be awarded back pay, progressive raises, vacation and

sick pay, bonuses, if any, lost overtime pay, if any, cost-of-living increases, medical insurance benefits, group life insurance contributions, if any, profit-sharing benefits, if any, retirement or pension benefits, if any, and prejudgment interest;

e)  that Plaintiff be awarded compensatory damages for mental and emotional suffering in an amount to be determined by the enlightened conscience of an impartial jury, subject to statutory cap of $300,000;

f)  that Plaintiff be awarded punitive damages in an amount to be determined by a jury at trial to be sufficient to prevent such conduct as alleged herein from occurring in the future and commensurate with the harm done to Plaintiff, subject to statutory cap of $300,000 as combined with compensatory damages;

g)  that Plaintiff be awarded reasonable attorney's fees and expenses of litigation;

h)  that all issues triable by jury be tried by a jury;

i)  that all costs of this action be taxed to Defendant; and

j)  for such other and further relief, as unto this Court may seem just and equitable in the premises.

This 31st day of January, 2017.

/S/ *John W. Roper*
John W. Roper

                                  Georgia Bar No. 614159

The Roper Law Firm  
The Corporate Center  
233 12th Street, Suite 602  
Columbus, Georgia 31901  
706-596-5353  
706-596-5383-fax  
johnroper@roperlaw.com