```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

ALISHA COLEMAN,                 *

    Plaintiff,              *

vs.                             *
                                        CASE NO.4:17-CV-29
BOBBY DODD INSTITUTE, INC.,     *

    Defendant.              *

O R D E R

Plaintiff Alisha Coleman is a former employee of Defendant Bobby Dodd Institute, Inc. ("the Institute"). The Institute terminated Coleman after she accidently soiled company property due to heavy pre-menopausal menstruation. Coleman claims that this constitutes sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The Institute moves to dismiss Coleman's claim. As discussed below, the Court grants that motion (ECF No. 6).[1]

---

[1] In her complaint, Coleman also purports to bring a retaliation claim. But she does not allege that she complained of discrimination or engaged in other statutorily protected conduct before her termination. And she fails to respond to the Institute's arguments for dismissal of her retaliation claim. To the extent that Coleman has not abandoned this claim, *see Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."), she fails to allege sufficient facts to support it. Accordingly, the Court also grants the Institute's motion to dismiss as to Coleman's retaliation claim.

STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.* at 556.

FACTUAL BACKGROUND

Coleman alleges the following facts, which the Court accepts as true for purposes of determining the present motion.

Coleman began work as an E-911 call taker for the Institute on June 13, 2007. During her employment, Coleman, a female, became pre-menopausal and experienced periods of uncontrollably heavy menstrual bleeding. The onset of heavy menstrual bleeding was unpredictable. Coleman kept feminine hygiene products with her at work and discussed her situation with her supervisors.

On two occasions, Coleman was unable to control the menstrual bleeding while at work. In August 2015, Coleman accidently soiled an office chair. Coleman was disciplined for

2

soiling the chair. Additionally, Coleman's supervisor and a representative from human resources warned Coleman that if she soiled company property again, she would be terminated. Coleman took precautions to avoid a second accident. Nevertheless, on April 22, 2016, Coleman accidently soiled the carpet. After Coleman cleaned the carpet, she was terminated for failing to maintain high standards of personal hygiene.

## DISCUSSION

Coleman does not attempt to make out a prima facie case of sex discrimination under the usual burden-shifting framework. *Cf. McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (establishing the framework for Title VII cases where the plaintiff presents only circumstantial evidence of discrimination). Rather, she purports to allege facts that if proven are direct evidence of sex discrimination. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 5, ECF No. 9. The Court must therefore determine whether terminating a female employee for soiling company property on two occasions due to a uniquely feminine condition constitutes sex discrimination under Title VII. As discussed below, the Court finds that it does not.

Title VII provides that an employer may not discharge or otherwise discriminate against any individual because of the individual's sex. 42 U.S.C. § 2000e-2(a)(1). With regards to uniquely feminine conditions, the Supreme Court originally held

3

that excluding pregnancy from otherwise comprehensive employee benefits did not violate Title VII, as long as the employer provided the same benefits to male and female employees. *See Gen. Elec. Co. v. Gilbert*, 429 U.S. 125, 145 (1976), *superseded by statute as recognized by Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669 (1983).  Congress rejected this interpretation by passing the Pregnancy Discrimination Act ("PDA").  The PDA amended Title VII to include the following definition: "The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; . . . ." 42 U.S.C. § 2000e(k).

"The [PDA] makes clear that it is discriminatory to treat pregnancy-related conditions less favorably than other medical conditions."  *Newport News Shipbuilding & Dry Dock Co.*, 462 U.S. at 684.  And early Supreme Court precedent interpreting the PDA could be construed to extend this protection to uniquely feminine conditions beyond pregnancy, such as pre-menopausal menstruation.  *See id.* at 676 ("[B]y enacting the Pregnancy Discrimination Act, [Congress] not only overturned the specific holding in *General Electric v. Gilbert*, *supra*, but also rejected the test of discrimination employed by the Court in that case.").  Thus, a non-frivolous argument can be made that it is unlawful for an employer to treat a uniquely feminine condition,

4

such as excessive menstruation, less favorably than similar conditions affecting both sexes, such as incontinence. But Coleman does not claim that her excessive menstruation was treated less favorably than similar conditions affecting both sexes. Rather, she argues that the fact that her termination would not have occurred but for a uniquely feminine condition is alone sufficient to show that she was terminated because of her sex. The Court disagrees.

Nothing in the text of Title VII, the PDA, or case law interpreting these Acts supports such a broad interpretation of the law. Coleman appears to rely on *EEOC v. Houston Funding II Ltd.*, 717 F.3d 425 (5th Cir. 2013), a nonbinding Fifth Circuit case that is distinguishable from the facts she alleges. In *EEOC v. Houston Funding II*, the Fifth Circuit held that an employer cannot terminate a female employee based on the fact that she is lactating and wants to express breast milk at work. *Id*. at 430. The Court found that "lactation is a related medical condition of pregnancy for purposes of the PDA" and that terminating an employee because she is lactating "clearly imposes upon women a burden that male employees need not—indeed, could not—suffer." *Id*. at 428.

Here, Coleman's excessive menstruation was related to pre-menopause, not pregnancy or childbirth. And Coleman was not terminated simply because she was pre-menopausal or

5

menstruating. Coleman was terminated for being unable to control the heavy menstruation and soiling herself and company property. There is no allegation that male employees who soiled themselves and company property due to a medical condition, such as incontinence, would have been treated more favorably. Thus, Coleman fails to allege facts from which the Court can reasonably infer that she was terminated because she is female. She therefore fails to state a Title VII claim for sex discrimination.

## CONCLUSION

For the reasons discussed above, the Court grants the Institute's motion to dismiss (ECF No. 6).

IT IS SO ORDERED, this 8th day of June, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA